UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

David Stein (DS2119)
**STEIN LAW FIRM**
Empire Corporate Center
25 Philips Parkway
Montvale, New Jersey 07645
(201) 391-0770
Attorneys for Plaintiffs
Shlomo and Gitty Fuhrer

**07 CIV. 6035**

**ROBINSON**

| | |
|---|---|
| Shlomo Fuhrer and Gitty Fuhrer,<br><br>          Plaintiffs,<br><br>     - vs. -<br><br>Wolpoff & Abramson, LLP,<br><br>          Defendants. | CASE NO. 07-CV-<br><br>**COMPLAINT** |

Plaintiffs Shlomo and Gitty Fuhrer, by and through their undersigned attorneys, for their complaint against Wolpoff & Abramson, LLP, allege as follows:

**THE PARTIES**

1.   Plaintiffs Shlomo and Gitty Fuhrer are New York citizens with an address of 164 Maple Avenue, Unit C, Spring Valley, New York.

2.   Upon information and belief, defendant Wolpoff & Abramson, LLP ("Wolpoff"), is a Maryland partnership with

an address of Two Irvington Centre, 702 King Farm Blvd., Rockville, Maryland.

## JURISDICTION AND VENUE

3. This court has jurisdiction because this case arises under 15 U.S.C. § 1692 et seq., the Fair Debt Collection Practices Act ("FDCPA").

4. Venue in the Southern District of New York is appropriate because plaintiffs are citizens of New York and reside in Rockland County, in the Southern District, and the acts which form the basis for this suit had their effect in New York.

## FACTS

5. Upon information and belief, at all times relevant herein, defendant Wolpoff was a Maryland law firm which met the definition of "debt collector" as that term is used in the FDCPA, 15 U.S.C. § 1692(a).

6. On or about February 27, 2007, defendant Wolpoff began calling the Fuhrers to collect an alleged debt.

7. The calls were placed by an automated dialing machine which played a message about the debt when the phone was picked up.

8. Each automated call stated that it was an attempt by Wolpoff & Abramson to collect a debt from a "Mohammed Elias" and requested that the call be returned.

9. The number called belongs to the Fuhrers, and has been their phone number for at least the last fifteen years.

10. Defendant Wolpoff made these calls to the Fuhrers two to three times per day, every day.

11. The Fuhrers contacted defendant Wolpoff numerous times after these calls and explained that Wolpoff was calling the wrong number and requested that the calls cease.

12. Despite promises from defendant Wolpoff that the calls would cease, they did not.

13. On or about March 28, 2007, in an attempt to get defendant Wolpoff to cease its calls, Mr. Fuhrer complained, in writing, to the Attorney Grievance Commission of Maryland.

14. Upon information and belief, on or about April 5, 2007, Mr. Fuhrer's written complaint was forwarded by the Grievance Commission to defendant Wolpoff.

15. On or about April 25, 2007, Mr. Fuhrer received a reply from the Grievance Commission, forwarding a letter from Wolpoff promising that the calls would cease. The

3

letter was signed by Wolpoff "Director of Legal Compliance" Ronald S. Canter. (A true and accurate copy of the complaint filed by Mr. Fuhrer, and the correspondence to and from Wolpoff, are attached collectively as Exhibit A.)

16. The calls did not cease.

17. In fact, the calls have continued on a daily basis, often several times a day.

18. Receiving repeated calls from debt collectors has caused severe embarrassment to the Fuhrers.

## COUNT I

### (Violation of Fair Debt Collection Practices Act – Harassment or Abuse)

19. The Fuhrers repeat and reallege the foregoing allegations as if set forth fully herein.

20. Defendant Wolpoff has repeatedly caused the Fuhrers' telephone to ring, more than 119 times over the last four months, in an attempt to collect an alleged debt.

21. This conduct has annoyed and harassed the Fuhrers.

22. This conduct constitutes a violation of the FDCPA, 15 U.S.C. § 1692d(5).

WHEREFORE, plaintiffs Shlomo and Gitty Fuhrer request that defendant Wolpoff be ordered to pay plaintiffs the amount of $1,000.00 as provided by 15 U.S.C. § 1692k,

reasonable attorney's fees, reasonable costs and expenses of this action, and such other relief as shall be determined to be just. The Fuhrers further request that the Court enter an injunction forbidding defendant Wolpoff from contacting them again in connection with the alleged debt which it is attempting to collect.

## COUNT II

**(Violation of Fair Debt Collection Practices Act – Communication in connection with debt collection)**

23. The Fuhrers repeat and reallege the foregoing allegations as if set forth fully herein.

24. On or about April 5, 2007, the Fuhrers caused defendant Wolpoff to be notified in writing that they wished the debt collection phone calls to cease.

25. Since that date, defendant Wolpoff has called the Fuhrers at least 62 additional times.

26. Each of these calls constitutes a "communication" within the meaning of 15 U.S.C. § 1692a(2).

27. None of these additional communications was for one of the permissible purposes described in 15 U.S.C. § 1692c(c).

28. At least 51 of these calls came after April 17, 2007, when defendant Wolpoff represented in writing that it would cease making these calls.

5

29. Each of these calls constitutes a violation of the FDCPA, 15 U.S.C. § 1692c(c).

WHEREFORE, plaintiffs Shlomo and Gitty Fuhrer request that defendant Wolpoff be ordered to pay plaintiffs the amount of $1,000.00 for each of these calls as provided by 15 U.S.C. § 1692k, totaling at least $62,000.00, reasonable attorney's fees, reasonable costs and expenses of this action, and such other relief as shall be determined to be just.

## COUNT III

### (Violation of Fair Debt Collection Practices Act – Acquisition of Location Information)

30. The Fuhrers repeat and reallege the foregoing allegations as if set forth fully herein.

31. Defendant Wolpoff has repeatedly caused the Fuhrers' telephone to ring, more than 112 times over the last four months, in an attempt to collect an alleged debt.

32. Each of these calls constitutes a "communication" within the meaning of 15 U.S.C. § 1692a(2).

33. These communications, according to the message left by defendant Wolpoff, were an attempt to collect the debt of a person known as "Mohammed Elias."

34. The Fuhrers are not "Mohammed Elias."

35. These calls constitute an attempt by defendant Wolpoff to acquire location information about Elias, as that term is defined by 15 U.S.C. § 1692a.

36. These communications state that they are for the purpose of collecting a debt, in violation of 15 U.S.C. § 1692b(2).

37. These communications have occurred repeatedly, despite the Furhers' repeated attempts to tell defendant Wolpoff that they have no information about Mr. Elias.

38. This conduct constitutes a violation of the FDCPA, 15 U.S.C. § 1692b(3).

WHEREFORE, plaintiffs Shlomo and Gitty Fuhrer request that defendant Wolpoff be ordered to pay plaintiffs the amount of $1,000.00 as provided by 15 U.S.C. § 1692k, reasonable attorney's fees, reasonable costs and expenses of this action, and such other relief as shall be determined to be just.

### COUNT IV

**(Violation of Fair Debt Collection Practices Act**

**– False or misleading representations)**

39. The Fuhrers repeat and reallege the foregoing allegations as if set forth fully herein.

40. Defendant Wolpoff has repeatedly caused the Fuhrers' telephone to ring, more than 112 times over the last four months, in an attempt to collect an alleged debt.

41. Each of these calls constitutes a "communication" within the meaning of 15 U.S.C. § 1692a(2).

42. These communications, according to the message left by defendant Wolpoff, were an attempt to collect a debt.

43. Neither the first call nor any subsequent call stated that any information obtained by Wolpoff will be used to collect a debt.

44. The failure to provide this information constitutes a violation of 15 U.S.C. § 1692e(10).

WHEREFORE, plaintiffs Shlomo and Gitty Fuhrer request that defendant Wolpoff be ordered to pay plaintiffs the amount of $1,000.00 as provided by 15 U.S.C. § 1692k, reasonable attorney's fees, reasonable costs and expenses of this action, and such other relief as shall be determined to be just.

**COUNT V**

**(Violation of Fair Debt Collection Practices Act**

**– Validation of Debts)**

45. The Fuhrers repeat and reallege the foregoing allegations as if set forth fully herein.

46. Defendant Wolpoff has repeatedly caused the Fuhrers' telephone to ring, more than 119 times over the last four months, in an attempt to collect an alleged debt.

47. Each of these calls constitutes a "communication" within the meaning of 15 U.S.C. § 1692a(2).

48. These communications, according to the messages left by defendant Wolpoff, were an attempt to collect a debt.

49. Defendant Wolpoff failed to provide any written notice to the Fuhrers within five days after the first call.

50. This conduct constitutes a violation of the FDCPA, 15 U.S.C. § 1692g(a).

WHEREFORE, plaintiffs Shlomo and Gitty Fuhrer request that defendant Wolpoff be ordered to pay plaintiffs the amount of $1,000.00 as provided by 15 U.S.C. § 1692k, reasonable attorney's fees, reasonable costs and expenses of this action, and such other relief as shall be determined to be just.

Dated:   June 25, 2007

_____
David Stein
STEIN LAW FIRM
Attorneys for Plaintiff
Shlomo and Gitty Fuhrer
Empire Corporate Center
25 Philips Parkway
Montvale, New Jersey 07645
(201) 391-0770